Frank & Seskin
Richard Frank, Esq., (RF6365)
Attorneys for Plaintiff
110 East 59th Street
New York, NY 10022
(212) 355-3900
rf@frankseskin.com

FILED
CLERK
2012 MAR 27 PM 1:00
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHANA KUPCZYK and JOEL KUPCZYK,

       Plaintiffs,

  -against-

UNITED STATES OF AMERICA and
BETH ISRAEL HOSPITAL,

       Defendants.

Civil Action No.: CV12-1493

WEINSTEIN, J.

POLLAK, M.J

## COMPLAINT FOR DAMAGES
## UNDER THE FEDERAL TORT CLAIMS ACT

  Plaintiffs CHANA KUPCZYK and JOEL KUPCZYK, by and through their attorneys, FRANK and SESKIN, LLP., now come before this Court and complains of the United States of America, as follows:

I.

### Jurisdiction, Venue and Conditions Precedent

1. Plaintiffa CHANA KUPCZYK and JOEL KUPCZYK ARNOLD HERSKO reside at 173 Taylor Street, Brooklyn, NY 11211.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for the personal injuries sustained by CHANA KUPCZYK, and the claim of

JOEL KUPCZYK, for the loss of the services, society, and comfort of his wife CHANA KUPCZYK, all of which were caused by the medical malpractice, negligence and wrongful acts and omissions of employees of the United States government in their medical treatment of CHANA KUPCZYK, during the delivery of her baby on October 12, 2009, resulting in the loss of CHANA KUPCZYK's uterus, fallopian tubes and resulting in her permanent inability to bear any further children. All of the aforesaid acts of medical malpractice and negligence were committed by said employees while acting within the scope of their office and employment and under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the laws of the State of New York.

3. That pursuant to 28 U.S.C. §1367 (a), this Court has supplemental jurisdiction over the claims against defendant BETH ISRAEL HOSPITAL, since the claims against it are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. That the claims against BETH ISRAEL HOSPITAL are for money damages as compensation for the personal injuries sustained by CHANA KUPCZYK, and the claim of JOEL KUPCZYK, for the loss of the services, society, and comfort of his wife CHANA KUPCZYK, all of which were caused by the medical malpractice, negligence and wrongful acts and omissions of employees of the United States government in their medical treatment of CHANA KUPCZYK, during the delivery of her baby on October 12, 2009, resulting in the loss of CHANA KUPCZYK's uterus, fallopian tubes and resulting in her permanent inability to bear any further children.

5. Pursuant to 28 U.S.C. §1391(e)(3), venue is properly placed in the Eastern District of New York in that plaintiff is a resident of the County of Kings, State of New York.

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed against the United States, in that plaintiff timely served a Notice of Claim on the Department of Health and Human Services on August 8, 2011, and a six month period immediately following said filing has expired without a final determination denying the claim and, plaintiffs have exhausted their administrative remedies

8. This medical malpractice lawsuit is timely filed against defendant BETH ISRAEL HOSPITAL, in that it was commenced within 2 ½ years from the last date of a continuous course of treatment on October 21, 2009.

9. That plaintiffs' counsel has reviewed the facts of this case and has consulted with at least one physician who is licensed to practice in this State or any other State and who he reasonably believes is knowledgeable in the relevant issues involved in this action, and has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action in accordance with the law of the State of New York.

II.

## Events Forming the Basis of the Claims

10. That on, prior to, and after October 11, 2009, and at all times herein mentioned, ELIZABETH LAYLIEV, M.D., ("LAYLIEV") was a physician and surgeon duly licensed to practice medicine in the State of New York.

11. That on, prior to, and after October 11, 2009, and at all times herein mentioned, LAYLIEV, was an employee, agent and/or shareholder of ODA PRIMARY HEALTH CARE CENTER, INC., ("ODA PRIMARY"), and/or ODA PROFESSIONALS OB/GYN SERVICES ("ODA PROFESSIONALS").

12. That on, prior to, and after October 11, 2009, and at all times herein mentioned, ODA PRIMARY and ODA PROFESSIONALS were grantees of the United States Department of Health and Human Services and ODA PRIMARY and ODA PROFESSIONALS and their employees and agents as such, are deemed employees of the United States for purposes of medical malpractice coverage, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §233(g)-(n).

13. That on, prior to, and after October 11, 2009, and at all times herein mentioned, ODA PRIMARY and ODA PROFESSIONALS, their agents and employees and LAYLIEV were and are covered by the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2401(b) 2671-2680 for purposes of medical malpractice claims arising out of services provided in their capacity as deemed federal employees.

14. That between October 11, 2009, through October 21, 2009, and at all times herein mentioned, LAYLIEV was an employee of ODA PRIMARY and/or ODA PROFESSIONALS, and therefore is deemed a federal employee for this period.

15. That on, prior to, and after October 11, 2009, and at all times herein mentioned, BETH ISRAEL HOSPITAL, owned and through its agents, and/or employees operated, managed, maintained, controlled, supervised and staffed that certain hospital known as BETH ISRAEL

4

HOSPITAL, County of New York and State of New York, including the labor and delivery rooms, and was operating pursuant to and under the laws of the State of New York.

16. That on, prior to, and after October 11, 2009, and at all times herein mentioned, defendant ODA PRIMARY and/or ODA PROFESSIONALS entered into a contractual obligation with defendant BETH ISRAEL HOSPITAL, to provide obstetrical and gynecological care, treatment and services to patients of ODA PRIMARY and/or ODA PROFESSIONALS, including plaintiff CHANA KUPCZYK.

17. That on, prior to, and after October 11, 2009, and at all times herein mentioned, ODA PRIMARY and/or ODA PROFESSIONALS, through their agents and/or employees, provided and rendered medical and obstetrical and gynecological care, treatment and physicians' services to CHANA KUPCZYK, for the treatment of medical conditions from which she was then experiencing.

18. That on, prior to, and after October 11, 2009, and at all times herein mentioned, LAYLIEV, individually and/or on behalf of ODA PRIMARY and/or ODA PROFESSIONALS, rendered medical care, treatment and advice to CHANA KUPCZYK for the treatment of medical conditions from which she was then experiencing.

19. That the medical care, treatment and advice rendered to CHANA KUPCZYK by ODA PRIMARY and/or ODA PROFESSIONALS, their agents and/or employees, LAYLIEV and BETH ISRAEL HOSPITAL, its agents and/or employees, and each of them individually, and/or in combination with one another, was careless, reckless and negligent.

20. That on or about October 21, 2009, due to the defendants, joint and several carelessness, recklessness and medical negligence during the delivery of the plaintiff's infant, the plaintiff

was caused to suffer a cervical tear resulting in severe and excessive bleeding, thus requiring plaintiff to undergo an emergency hysterectomy.

21. That as a result of the careless, reckless and negligent medical, obstetrical and gynecological care, advice and treatment, given by defendants, their agents and/or employees, joint and severally, plaintiff was caused to sustain severe and personal injuries, including but not limited to the inability to bear children.

III.

First Claim Against United States- Violation of 28 U.S.C. §§1346(b)(1)

22. Plaintiffs incorporate by reference herein all allegations set forth above.

23. That the acts and events set forth above constitute medical malpractice and negligent wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, and therefore, the United States Government is liable for all damages caused by such acts, as provided by 28 U.S.C. §§1346(b)(1).

24. That as a result of the careless, reckless and negligent medical, obstetrical and gynecological care, advice and treatment, given by defendants, their agents and/or employees, joint and severally, plaintiff was caused to sustain severe and personal injuries, including but not limited to the inability to bear children.

25. That plaintiff's counsel has reviewed the facts of this case and has consulted with at least one physician who is licensed to practice in this state or any other state and who he reasonably believes is knowledgeable in the relevant issues involved in this action and has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action in accordance with the law of the State of New York.

## Second Claim Against United States - Violation of 28 U.S.C. §§1346(b)(1) Lack of Informed Consent

26. Plaintiffs incorporate by reference herein all allegations set forth above.

27. That during the course of treatment and/or prior to the performance of any procedure(s), surgical, medical or other, or the rendering of any treatment, the plaintiff was not informed by the defendants, their agents and/or employees, of the complexity of plaintiff's condition or of any dangerous aspect of treatment and/or lack of treatment which might develop.

28. That said plaintiff was not informed of the risks, hazards and/or alternatives of treatment and/or procedure(s) for the conditions from which she was then suffering and the effects to her life and/or internal parts, organs, and tissues of the body with the consequence that a valid, informed consent to such treatment and procedure(s) was not obtained by the defendants, their agents and/or employees.

29. That there was no reasonable disclosure made by the defendants, their agents and/or employees to the plaintiff of all the risks and perils associated with the procedure(s) and/or treatment plan and/or treatment and/or diagnosis and the defendants, their agents and/or employees failed wholly to present to the plaintiff sufficient facts so that she could give an intelligent and/or informed consent to such procedure(s) and/or treatment.

30. That a reasonably prudent person in the position of plaintiff, under the circumstances, would not have undergone the procedure and treatment prescribed by the defendants, their agents and/or employees entailed in this procedure(s) if she had been fully informed; that the lack of informed consent is a proximate cause of the injury or progression, acceleration and advance of the conditions for which recovery is sought.

## Third Claim Against United States - Violation of 28 U.S.C. §§1346(b)(1) Loss of Consortium, Services and Society on behalf of JOEL KUPCZYK, Individually

31. Plaintiffs incorporate by reference herein all allegations set forth above.

32. That between October 11, 2009, and October 21, 2009, and at all times herein mentioned, JOEL KUCZYK was the lawful husband of plaintiff CHANA KUPCZYK, and was thus entitled to the consortium, services and society of his wife CHANA KUPCZYK.

33. That as a result of the negligent medical, obstetrical and gynecological care, advice and treatment rendered to CHANA KUPCZYK by the defendants, their agents and/or employees, joint and severally, CHANA KUPCZYK is unable to provide the consortium, services and society previously provided to her husband JOEL KUCZYK and as a result, JOEL KUCZYK has suffered injury.

### First Claim as against BETH ISRAEL HOSPITAL

Plaintiffs, by their attorneys, FRANK & SESKIN, LLP., as and for their Verified Complaint herein, respectfully set forth and allege as follows, upon information and belief:

34. Plaintiff repeats and re-alleges with the same force and effect as if fully set forth hereat, those paragraphs of the complaint designated as paragraphs 1 through 33.

35. That as a result of the aforesaid carelessness and negligence of the defendant BETH ISRAEL HOSPITAL, jointly and/or severally, and/or through its agents and/or employees in the medical care, surgical care and treatment of the plaintiff, plaintiff sustained severe permanent personal injuries.

36. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts of the State of New York.

### Second Claim against BETH ISRAEL HOSPITAL for Lack of Informed Consent

37. Plaintiff repeats and re-alleges with the same force and effect as if fully set forth hereat, those paragraphs of the complaint designated as paragraphs 1 through 36

38. That during the course of treatment and/or prior to the performance of any procedure(s), surgical, medical or other, or the rendering of any treatment, the plaintiff was not informed by the defendants, their agents and/or employees, of the complexity of plaintiff's condition or of any dangerous aspect of treatment and/or lack of treatment which might develop.

39. That said plaintiff was not informed of the risks, hazards and/or alternatives of treatment and/or procedure(s) for the conditions from which she was then suffering and the effects to her life and/or internal parts, organs, and tissues of the body with the consequence that a valid, informed consent to such treatment and procedure(s) was not obtained by the defendants, their agents and/or employees.

40. That there was no reasonable disclosure made by the defendants, their agents and/or employees to the plaintiff of all the risks and perils associated with the procedure(s) and/or treatment plan and/or treatment and/or diagnosis and the defendants, their agents and/or employees failed wholly to present to the plaintiff sufficient facts so that she could give an intelligent and/or informed consent to such procedure(s) and/or treatment.

41. That a reasonably prudent person in the position of plaintiff, under the circumstances, would not have undergone the procedure and treatment prescribed by the defendants, their agents and/or employees entailed in this procedure(s) if she had been fully informed; that the lack of informed consent is a proximate cause of the injury or progression, acceleration and advance of the conditions for which recovery is sought.

42. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

### Third Claim against BETH ISRAEL HOSPITAL

43. Plaintiff repeats and re-alleges with the same force and effect as if fully set forth hereat, those paragraphs of the complaint designated as paragraphs 1 through 42.

44. That between October 11, 2009, and October 21, 2009, and at all times herein mentioned, JOEL KUCZYK was the lawful husband of plaintiff CHANA KUPCZYK, and was thus entitled to the consortium, services and society of his wife CHANA KUPCZYK.

45. That as a result of the negligent medical, obstetrical and gynecological care, advice and treatment rendered to CHANA KUPCZYK by the defendants, their agents and/or employees, joint and severally, CHANA KUPCZYK is unable to provide the consortium, services and society previously provided to her husband JOEL KUCZYK and as a result, JOEL KUCZYK has suffered injury.

46. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

### IV.

### Damages as Against United States

1. Plaintiffs have suffered the following injuries for which they seek full compensation under the law:

   a. On behalf of plaintiff CHANA KUPCZYK, for past, present and future pain and suffering;

   On behalf of JOEL KUCZYK, for the loss of the care, service, comfort, support and society of his wife, CHANA KUPCZYK

### V.

## Prayer for Relief as Against United States

WHEREFORE, the Plaintiffs are entitled to damages from the United States, and they do hereby pray that judgment be entered in their favor against the United States government as follows:

1. Past, present and future pain and suffering of plaintiff CHANA KUPCZYK in the amount of $5,000,000.00; plus

2. On behalf of JOEL KUPCZYK for the loss of the care, service, comfort, support and society of his wife, plaintiff CHANA KUPCZYK, the amount of $3,000,000.00 plus interest. Plaintiffs further are entitled to and do hereby seek recovery of all costs and attorneys fees incurred by plaintiffs in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

## Prayer for Relief as Against Defendant BETH ISRAEL HOSPITAL

WHEREFORE, plaintiffs demand judgment against BETH ISRAEL HOSPITAL, in amounts which exceed the jurisdiction of all lower courts on each cause of action, together with interest costs and disbursements of this action.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury of all issues as against defendants BETH ISRAEL HOSPITAL.

Respectfully submitted,

FRANK & SESKIN
Attorneys for Defendant
110 East 59th Street
New York, NY 10022
Telephone: (212) 355-3900
Facsimile: (212) 355-3936
rf@frankseskin.com

By: Richard Frank
Bar No.: RF6365

Dated: March 21, 2012

11

| | |
|---|---|
| CHANA KUPCZYK and JOEL KUPCZYK, § | |
| § | |
| Plaintiffs, § | Civil Action No.: |
| § | |
| -against- § | |
| § | CERTIFICATE OF MERIT |
| UNITED STATES OF AMERICA and § | |
| BETH ISRAEL HOSPITAL, § | |
| § | |
| Defendants. § | |

RICHARD FRANK, an attorney admitted to practice in the Courts of the State of New York affirms under the penalty of perjury as follows:

I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
March 21, 2012

_____
RICHARD FRANK

## VERIFICATION

STATE OF NEW YORK    )
                     ).ss.:
COUNTY OF NEW YORK   )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms as true under all the penalties of perjury that affirmant is the attorney of record for Plaintiffs in the within action; that affirmant has read the foregoing Complaint and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affirmant believes to be true. Affirmant further says that the reason this affirmation is made by affirmant and not by said Plaintiffs is that said Plaintiffs are not located in the County of New York where affirmant has his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Conversations with said Plaintiffs and documents contained within the file maintained in connection with this matter.

Date: New York, New York
      March 21, 2012

_____
RICHARD FRANK